EDWARD C. LEARY

*vs.*

ANN E. KING and MARY LEARY.

New Castle, Sept. T. 1887.

*Conveyance by betrothed woman, in fraud of marital rights.*

A court of equity will protect a husband against a voluntary convey-
ance by his intended wife of all her estate, to the exclusion of
the husband, made pending an engagement of marriage; even
in the absence of express misrepresentation or deceit, and
whether the husband knew of the existence of the property or
not.

BILL TO SET ASIDE DEEDS.—The facts are stated in the
opinion.

*Anthony Higgins* for the complainant.
*James H. Hoffecker* for the defendants.

THE CHANCELLOR.—It sufficiently appears by the bill,
answer, and proofs in this cause, that Lucinda Loper on
or about the 5th day of August, 1876, was married to
the complainant; and that she afterwards died on or
about the 29th day of September, 1885. There were
two children born to the husband and wife during their
marriage.

The said Lucinda Loper was in her lifetime and before
her marriage with the complainant, seised and possessed
of two certain lots or parcels of land and tenements situ-
ate in the city of Wilmington, in this State, which are
particularly described in the bill of complaint. After en-
gagement of marriage by the said Lucinda with the said

complainant, during its pendency, and before the marriage, without the knowledge and consent of the complainant, the said Lucinda made, executed, and delivered a conveyance and deed of gift of the said lands and tenements to Ann E. King, one of the defendants. Ten days after the execution and delivery of the said deed, and while the complainant was in ignorance of any deed or conveyance by the said Lucinda, she and the complainant were married. Shortly after the death of said Lucinda, Ann E. King made, executed, and delivered a deed of all the said lands and tenements, without the knowledge of the complainant, to Samuel Culbert. It appears that no consideration for said conveyance was ever paid by the said Culbert to Ann E. King.

One of the children of the said marriage died in the lifetime of its mother. Mary Leary, the other child, still survives.

The alleged consideration of five hundred dollars, for the said deed, by Ann E. King to the said Samuel Culbert, has never been paid by the said Culbert to the said Ann E. King, nor was the same or any part thereof ever paid by the said Samuel Culbert and Ann E. King, or by either of them, to the complainant or to the said Mary Leary or to any one for the said Mary Leary.

Culbert on the 4th day of April, 1887, for a nominal consideration, granted and conveyed the said two parcels of land and premises which had as aforesaid been conveyed to him by Ann E. King, to the said Mary Leary, an infant of about five or six years of age.

Ann E. King and the guardian of Mary Leary have answered the bill, and in respect to all material matters have confessed the facts, as stated in the bill, to be true.

The bill prays, among other things, that the said deed of Lucinda Loper to Ann E. King may be decreed in fraud of the marital rights of the complainant, and void;

that the said deed of the defendant Ann E. King to Samuel Culbert may be decreed to have been made in fraud of the rights of the complainant, and void; that the said deed of the said Samuel Culbert to Mary Leary, the surviving infant child of the said marriage, be decreed to be in fraud of the rights of the complainant, and void to the extent that the same shall be set aside for and during the lifetime of the complainant; and that the complainant, as the husband of the said Lucinda Leary, be decreed to have title to and possession of the said lands and tenements, as the tenant by the curtesy for and during his life.

I must consider the statement of fact contained in the bill as sufficiently confessed and proved before me; and I have no hesitation in deciding what the decree in this case should be. This case must be ruled in accordance with the principles decided in the case of *Chandler* v. *Hollingsworth*, 3 Del. Ch. 99.

In that case *Chancellor* Bates said: " It is enough to say that this court will protect a husband against a voluntary conveyance or settlement by the wife of all her estate to the exclusion of her husband, made pending an engagement of marriage, without his knowledge prior to the marriage; even in the absence of express misrepresentation or deceit, and whether the husband knew of the existence of the property or not. The concealment of what it is the right of the husband to know, and what it is the duty of the wife to disclose, is itself fraud in law. It is a doctrine of equity,—not so fully developed at the date of *Strathmore* v. *Bowes*, as now,— that the concealment, to the prejudice of another party with whom one is dealing, of facts which, if known to him, might affect his decision, and which there is an obligation arising out of the transaction to disclose, is a fraud. It is so treated in equity, without respect to the motive of the party in the concealment; being what is

termed a constructive fraud. But whether a conveyance or settlement made under the circumstances I have stated is always void, or whether it may be sustained upon such equitable considerations as were admitted in the earlier English cases, and in *St. George* v. *Wake*, 1 Mylne & K. 610,—such as, the reasonableness of its provisions as being made for children of a former marriage, or its embracing only a part of the wife's estate; or such as the husband's inability to make a settlement upon the wife, —I leave as questions open in this State until they arise judicially."

I have no doubt that each and all of the afore-mentioned deeds of conveyance were in fraud of the marital rights of the complainant, and that as against him and his rights they should be decreed fraudulent and void; and I shall decree that he is entitled to a life estate, by the curtesy, in the said two several lots and parcels of land and premises.

Lucinda, the wife of the complainant, was a poor, ignorant negress, and died possessed of no personal property. The said Mary Leary is an infant of very tender years, and was at the execution of said deeds and is now, perhaps, incapable of any intention of fraud. Ann E. King was and is an ignorant woman, and denies, which perhaps is true, any intention of fraud. Samuel Culbert, a white man and the most guilty perhaps of fraudulent intention of any of the parties named in the proceedings before the court, is not a party to these proceedings. The complainant is an ignorant negro, but he is entitled to his rights; and I shall decree that he is unaffected in those rights by any of the conveyances hereinbefore mentioned, and that as against his marital rights those conveyances were fraudulent and void.

Let a decree be drawn accordingly.